DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant, Brandon Lincoln, appeals from the Washington County Common Pleas Court's entry imposing two seven-year non-minimum sentences to be served concurrently in connection with his convictions to one count of felonious assault, a second-degree felony, and one count of aggravated burglary, a first-degree felony. Appellant asserts that 1) the trial court erred by sentencing him to prison based on facts not found by a jury or admitted by him, and 2) trial counsel was ineffective for failing to object to the imposition of a greater-than-minimum sentence, because the trial court sentenced him based on facts not found by the jury, or admitted by him. In light of the Supreme Court of Ohio's recent decision in State v.Foster, ___ Ohio St.3d ___, 2006-Ohio-856, we vacate the sentence imposed on Appellant and remand the case to the Washington County Common Pleas Court for a new sentencing hearing.
 {¶ 2} The parties agree on the following facts and procedural history: "The Washington County Grand Jury indicted Brandon Lincoln of one count of felonious assault, a felony of the second degree, and one count of aggravated burglary, a felony of the first degree. Mr. Lincoln pled not guilty, and the case proceeded to a jury trial. "The jury found Mr. Lincoln guilty of both counts. The trial court sentenced him to seven years in prison for each count, to be served concurrently."
 {¶ 3} The trial court filed its journal entry on March 24, 2005, and it is from this entry that Appellant timely appeals, assigning the following errors for our review.
 {¶ 4} I. THE TRIAL COURT DENIED MR. LINCOLN'S DUE PROCESS OF LAW AND THE RIGHT TO A JURY TRIAL, IN VIOLATION OF THE FIFTH,SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, BY SENTENCING HIM TO PRISON BASED ON FACTS NOT FOUND BY THE JURY OR ADMITTED BY HIM.
 {¶ 5} II. TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION, FOR FAILING TO OBJECT TO MR. LINCOLN'S ILLEGAL SENTENCE.
 {¶ 6} Appellant's first assignment of error asserts that the trial court erred in imposing a non-minimum sentence based on facts not found by the jury or admitted by him, in violation ofBlakely, supra. Recently, the Supreme Court of Ohio held inFoster, supra, that certain Ohio felony sentencing statutes violate the Sixth Amendment to the United States Constitution. R.C. 2929.14(B), which requires judicial factfinding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant, is amongst the number of statutes deemed unconstitutional in Foster. Foster,
supra, at ¶ 83. Appellant was sentenced to a greater-than-minimum sentence for his crimes by means of R.C. 2929.14(B)(2), which permits such an upward deviation in the sentence if the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. Because Appellant was sentenced in part under R.C. 2929.14(B), the ruling in Foster applies to the case sub judice; therefore, as R.C. 2929.14(B) was deemed unconstitutional, the sentence is rendered void.
 {¶ 7} When a sentenced is deemed void, "the ordinary course is to vacate that sentence and remand to the trial court for a new sentencing hearing." Foster, supra, at ¶ 103, citing Statev. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, at ¶ 23. Therefore, the proper procedure in this case is to vacate the sentence imposed on Appellant and remand the case to the Washington County Common Pleas Court to conduct a new sentencing hearing.
 {¶ 8} In his second assignment of error, Appellant asserts that he was denied the effective assistance of counsel because his trial counsel failed to object to the imposition of a greater-than-minimum sentence, which was imposed based on facts not found by a jury or admitted by him. In order to demonstrate ineffective assistance of counsel, an appellant must meet two requirements. First, an appellant must demonstrate that counsel's performance was deficient by showing that counsel committed errors so serious that he or she was not, in effect, functioning as counsel. Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052. Second, Appellant must demonstrate that these errors prejudiced his defense. Id. In order to prove that counsel's deficient performance prejudiced Appellant's defense, Appellant must show that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989),42 Ohio St.3d 136, 143, 538 N.E.2d 373.
 {¶ 9} Appellant grounds his ineffective assistance argument on the fact that his counsel below failed to object to the imposition of a greater-than-Washington minimum sentence, which was imposed based on facts not found by a jury or admitted by him. However, this court's decision to vacate Appellant's sentence renders his second assignment of error moot.
 {¶ 10} Accordingly, the sentence imposed by the Washington County Court of Common Pleas is vacated, and the case is remanded for a new sentencing hearing in accordance with the directives announced by the Supreme Court of Ohio in Foster, supra.
SENTENCE VACATED AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the SENTENCE BE VACATED AND CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, P.J. and Kline, J.: Concur in Judgment and Opinion.